Present: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Poff, Senior Justice

JOSEPH B. SWEENEY

v. Record No. 991810    OPINION BY JUSTICE CYNTHIA D. KINSER
                                                April 21, 2000
WEST GROUP, INC.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Marcus D. Williams, Judge

In this appeal, we decide whether a lease provision requiring a lessee to give written notice of the lessee's intent to vacate leased premises at the end of a fixed-term residential real estate lease can be enforced by a lessor. Because we conclude that the provision is, in effect, a statutorily proscribed waiver of the lessee's rights under Code § 55-222, we will reverse the circuit court's judgment in favor of the lessor.

FACTS AND PROCEEDINGS

Joseph B. Sweeney signed a one-year, fixed-term lease agreement with West Gate[1] on August 1, 1996, for an apartment (the premises) located in a complex known as the Commons of McLean. By its terms, that lease expired on July 31, 1997. It did not provide for an automatic renewal of the one-year term.

---

[1] West Gate is owned by the appellee West Group, Inc.

The form lease agreement that Sweeney executed states that "Lessee shall render to the Lessor a written thirty (30) day notice to vacate said premises in the event this Lease is not extended, this notice to be filed with the Lessor thirty (30) days prior to the expiration of this Lease."  A lease rider, which Sweeney also executed, provides that the terms of the rider control in cases of conflict between the provisions of the lease and those of the rider.  The rider also states that the rights and responsibilities of the lessee are governed by the Virginia Residential Landlord and Tenant Act (Act), Code §§ 55-248.2 through -248.40, and that the Act, or other applicable state law, controls if any conflict exists between the terms of the lease and the provisions of the Act.

In early June 1997, Sweeney visited the complex's rental office and orally informed West Gate's agent that he would not be extending his lease beyond its expiration on July 31, 1997.  Sweeney did not give the lessor any written notice of his intent to vacate the premises at the end of the fixed term, but he vacated the premises on or before the last day of the term of his lease.

Almost one year later, West Group filed a warrant in debt in the Fairfax County General District Court against Sweeney and a co-signer of the lease, seeking damages in

2

the amount of $899.75 for unpaid rent and damages,[2] plus interest, costs, and attorney's fees. Sweeney answered, denying that he owed the amount sued for, and filed a counterclaim for $150 plus interest, which represented a portion of his security deposit that he contended West Group withheld from him.

The general district court dismissed West Group's warrant in debt with prejudice but granted Sweeney a judgment in the amount of $111.33 on his counterclaim. West Group appealed the general district court's judgment to the circuit court. After a bench trial, the circuit court entered judgment against Sweeney in the amount of $730 plus costs.[3] This appeal followed.

ANALYSIS

The sole issue in this appeal is whether the provision of the lease agreement requiring Sweeney to give the lessor written notice of his intent to vacate the premises at the end of the fixed term can be enforced by West Group.

_____

[2] West Group calculated its claim in the following manner: $1,049.75 for damages, utilities, and rent less Sweeney's security deposit of $150, leaving an amount due of $899.75. Of that amount due, West Group included $880 as additional rent because of Sweeney's failure to give the written notice to vacate.

[3] The circuit court's final order does not specifically address Sweeney's counterclaim. Neither party has assigned

Enforcement of the provision would subject Sweeney to additional rental payments beyond the term of his lease if he failed to give the written notice. As stated in the rider to Sweeney's lease, the Act governs Sweeney's rights and responsibilities and thus applies to the present dispute. Pursuant to Code §§ 55-248.9(A)(1) and (2), a rental agreement subject to the Act may not contain a waiver of a tenant's rights under, inter alia, the Act or Chapter 13 of Title 55 of the Code. Sweeney's rights under Chapter 13 are at issue in this appeal.

Code § 55-222, found in Chapter 13 of Title 55, addresses the necessity and type of notice required to terminate various kinds of tenancies. That section provides, in pertinent part, that notice is not "necessary from or to a tenant whose term is to end at a certain time." The one-year, fixed term of Sweeney's lease ended on July 31, 1997, which is "a certain time" within the meaning of Code § 55-222.

Thus, the provision in Sweeney's lease agreement requiring him to give written notice of his intent to vacate the premises was not only unnecessary but also contrary to the terms of Code § 55-222. The requirement of

---

error with respect to the disposition of the counterclaim. Thus, that issue is not before the Court in this appeal.

written notice is, in effect, a statutorily proscribed waiver of Sweeney's rights under Code § 55-222.  Such a waiver is not enforceable.  Code § 55-248.9(B).

For this reason, we will reverse the circuit court's judgment and enter judgment for Sweeney on the warrant in debt.[4]

Reversed and final judgment.

---

[4] Because of our decision, we do not reach Sweeney's other assignment of error.